```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA,         :
                                           :

              -v-               :              1:22-cr-348-GHW
                                           :

RODNEY PETERS,                :               ORDER
                                           :

                      Defendant.  :
---------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On April 28, 2025, Rodney Peters filed an application for early termination of his supervised release. Dkt. No. 7 (the "Application"). In his Application, Mr. Peters argues that early termination of his supervised release is warranted for a number of reasons. First, Mr. Peters asserts that he has remained "employed, drug-free and law-abiding." Application at 1. Second, Mr. Peters, a graduate of the Southern District of New York's RISE Court, has worked to mentor others, both as a volunteer mentor for "Lead by Example Reverse the Trend," and through his continuing "inspiring" engagement with participants in the RISE Court. *Id.* at 2-3.

Mr. Peters has been transferred to the probation department's low-intensity caseload as a result of his continued compliance with the conditions of his supervised release. *Id.* at 1. Both Judge Vernon Broderick, who presided over Mr. Peters' RISE Court class, and Probation Officer Lauren Blackford, who supported him during RISE Court, endorse Mr. Peters' application. *Id.* The Government deters to the request of the probation department to terminate Mr. Peters' supervised release early. *Id.*

Section 3583(e) of Title 18 of the United States Code provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . .

if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).  District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

Early termination "is not warranted as a matter of course . . . ." *United States v. Fenza*, No. CR 03-0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013).  "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.*  "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances.  Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Peters' application should be granted.  Mr. Peters demonstrated exceptional commitment to his rehabilitation through his successful graduation from the RISE Court program.  He has continued to demonstrate his dedication through his employment, sobriety, and his work to help members of our community.  The Probation Department and Judge Broderick have verified that

Mr. Peters merits the requested relief.  Mr. Peters has manifested the kind of exceptionally good behavior that justifies early termination of his supervised release.

Accordingly, the Court orders that Mr. Peters' term of supervised release end on August 27, 2025.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 7 and 8.

SO ORDERED.

Dated:  August 13, 2025
          New York, New York

_____
GREGORY H. WOODS
United States District Judge